**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG DIVISION**

| | |
|---|---|
| ORGANON LLC, ORGANON INTERNATIONAL GMBH, and DERMAVANT SCIENCES GMBH,<br><br>*Plaintiffs and Counterclaim-Defendants*,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC. and MYLAN INC.,<br><br>*Defendants and Counterclaim-Plaintiffs.* | Civil Action No. 1:26-cv-112-TSK |
| MYLAN PHARMACEUTICALS INC.,<br><br>*Counterclaim-Plaintiff*,<br><br>v.<br><br>ORGANON LLC, ORGANON INTERNATIONAL GMBH, and DERMAVANT SCIENCES GMBH,<br><br>*Counterclaim-Defendants.* | |

**PLAINTIFFS/COUNTERCLAIM-DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO MYLAN PHARMACEUTICALS INC.'S COUNTERCLAIMS**

Plaintiffs/Counterclaim-Defendants Organon LLC ("Organon"), Organon International GmbH ("Organon Int'l"), and Dermavant Sciences GmbH ("Dermavant") (collectively, "Counterclaim-Defendants") answer the Counterclaims (ECF 30) ("Counterclaims") brought by Defendant/Counterclaim-Plaintiff Mylan Pharmaceuticals Inc. ("MPI")

## GENERAL DENIAL

Counterclaim-Defendants deny all allegations in MPI's Counterclaims except for those specifically admitted below. With respect to the allegations made in the Counterclaims, upon knowledge with respect to Counterclaim-Defendants' own acts, and upon information and belief as to other matters, Counterclaim-Defendants respond and alleges as follows:

## NATURE OF THE ACTION[1]

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et. seq., the Hatch-Waxman Act, 21 U.S.C. §§ 355(j) et. seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 1 states a legal conclusion for which no response is required. To the extent a response is required, Counterclaim-Defendants admit the above-captioned action purports to be an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et. seq.*, the Hatch-Waxman Act, 21 U.S.C. §§ 355(j) *et. seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Counterclaim-Defendants do not contest subject matter jurisdiction in this judicial district for the purposes of this action only. Counterclaim-Defendants deny that these Counterclaims have merit or that MPI is entitled to relief on its Counterclaims. Counterclaim-Defendants otherwise deny the allegations of Paragraph 1.

2. These counterclaims are for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 10,195,160 (the "'160 patent"), 10,426,743 (the "'743 patent"), 10,647,649 (the "'649 patent"), 11,458,108 (the "'108 patent"), 11,590,088 (the "'088 patent"), 11,597,692 (the "'692 patent"), 11,612,573 (the "'573 patent"), 11,617,724 (the "'724 patent"), and 11,622,945 (the "'945 patent"), (collectively, the "Counterclaim Patents").

**ANSWER:** Paragraph 2 contains conclusions of law to which no response is required. To the extent a response is required, Counterclaim-Defendants admit the Counterclaims purport to

[1] This Answer reproduces the headings from the Counterclaims for convenience only. This reproduction of the headings should not be construed as an admission of any of the allegations in the Counterclaims.

seek declaratory judgment of alleged non-infringement and alleged invalidity of U.S. Patent Nos. 10,195,160 (the "'160 patent"), 10,426,743 (the "'743 patent"), 10,647,649 (the "'649 patent"), 11,458,108 (the "'108 patent"), 11,590,088 (the "'088 patent"), 11,597,692 (the "'692 patent"), 11,612,573 (the "'573 patent"), 11,617,724 (the "'724 patent"), and 11,622,945 (the "'945 patent"), (collectively, the "Counterclaim Patents"). Counterclaim-Defendants deny that these Counterclaims have merit or that MPI is entitled to relief on its Counterclaims. Counterclaim-Defendants deny any remaining allegations in Paragraph 2.

3. MPI seeks a declaratory judgment that the claims of the Counterclaim Patents are invalid and/or not infringed by the product that is the subject of MPI's ANDA No. 221179 ("MPI's ANDA").

**ANSWER:** Paragraph 3 contains conclusions of law to which no response is required. To the extent a response is required, Counterclaim-Defendants deny that the claims of the Counterclaim Patents are invalid and/or not infringed by the product that is the subject of MPI's ANDA No. 221179 ("MPI's ANDA"). Counterclaim-Defendants deny any remaining allegations in Paragraph 3.

## PARTIES

4. Mylan Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of West Virginia, with its principal place of business at 3711 Collins Ferry Road, Morgantown, West Virginia 26505.

**ANSWER:** Upon information and belief, and according to the allegations of the Counterclaims, Counterclaim-Defendants admit that MPI is a corporation organized and existing under the laws of the State of West Virginia, with its principal place of business at 3711 Collins Ferry Road, Morgantown, West Virginia 26505. Counterclaim-Defendants deny any remaining allegations in Paragraph 4 of the Counterclaims.

5. Upon information and belief, and according to the allegations of the Complaint, Organon LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 30 Hudson Street, 33rd Floor, Jersey City, NJ 07302.

**ANSWER:** Organon admits, and Organon Int'l and Dermavant admit upon information and belief, that Organon LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 30 Hudson Street, 33rd Floor, Jersey City, New Jersey 07302. Counterclaim-Defendants deny any remaining allegations in Paragraph 5 of the Counterclaims.

6. Upon information and belief, and according to the allegations of the Complaint, Organon International GmbH is a corporation organized and existing under the laws of Switzerland with its principal place of business at Weystrasse 20, 6006 Lucerne, Switzerland.

**ANSWER:** Organon Int'l admits, and Organon and Dermavant admit upon information and belief, that Organon International GmbH is a corporation organized and existing under the laws of Switzerland with its principal place of business at Weystrasse 20, 6006 Lucerne, Switzerland. Counterclaim-Defendants deny any remaining allegations in Paragraph 6 of the Counterclaims.

7. Upon information and belief, and according to the allegations of the Complaint, Dermavant Sciences GmbH is a corporation organized and existing under the laws of Switzerland with its principal place of business at Weystrasse 20, 6006 Lucerne, Switzerland.

**ANSWER:** Dermavant admits, and Organon and Organon Int'l admit upon information and belief, that Dermavant Sciences GmbH is a corporation organized and existing under the laws of Switzerland with its principal place of business at Weystrasse 20, 6006 Lucerne, Switzerland. Counterclaim-Defendants deny any remaining allegations in Paragraph 7 of the Counterclaims.

## JURISDICTION AND VENUE

8. These counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:** Paragraph 8 contains conclusions of law to which no response is required. To the extent that a response is required, Counterclaim-Defendants admit that this lawsuit purports

to be an action arising under the patent laws of the United States and the Declaratory Judgment Act; and Counterclaim-Defendants do not contest that this Court has jurisdiction over the subject matter of this action. Counterclaim-Defendants deny any remaining allegations in Paragraph 8 of the Counterclaims.

9. This Court has personal jurisdiction over Counterclaim Defendants on the basis of, *inter alia*, their contacts with West Virginia relating to the subject matter of this action, including having filed suit against MPI in this judicial district.

**ANSWER:** Paragraph 9 contains conclusions of law to which no response is required. To the extent that a response is required, Counterclaim-Defendants do not contest personal jurisdiction over them for purposes of this action only. Counterclaim-Defendants admit that they have contacts within West Virginia relating to the subject matter of this action, including having filed suit against MPI in this judicial district. Counterclaim-Defendants deny any remaining allegations in Paragraph 9 of the Counterclaims.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Counterclaim Defendants commenced and continue to maintain this action against MPI in this judicial district.

**ANSWER:** Paragraph 10 contains conclusions of law to which no response is required. To the extent that a response is required, Counterclaim-Defendants do not contest venue for the purposes of this action only. Counterclaim-Defendants admit that they commenced and continue to maintain this action against MPI in this judicial district. Counterclaim-Defendants deny any remaining allegations in Paragraph 10 of the Counterclaims.

## FACTUAL BACKGROUND

11. Upon information and belief, and based on the allegations of the Complaint, on February 5, 2019, the ’160 patent, entitled “Topical pharmaceutical compositions,” was issued to Dermavant Sciences GmbH as assignee. A copy of the ’160 patent is attached to the Complaint as Exhibit 1.

**ANSWER:** Admitted.

12. Upon information and belief, and based on the allegations of the Complaint, on October 1, 2019, the ’743 patent, entitled “Topical pharmaceutical compositions,” was issued to Dermavant Sciences GmbH as assignee. A copy of the ’743 patent is attached to the Complaint as Exhibit 2.

**ANSWER:** Admitted.

13. Upon information and belief, and based on the allegations of the Complaint, on May 12, 2020, the ’649 patent, entitled “Process for preparing tapinarof,” was issued to Dermavant Sciences GmbH as assignee. A copy of the ’649 patent is attached to the Complaint as Exhibit 3.

**ANSWER:** Admitted.

14. Upon information and belief, and based on the allegations of the Complaint, on October 4, 2022, the ’108 patent, entitled “Topical pharmaceutical compositions,” was issued to Dermavant Sciences GmbH as assignee. A copy of the ’108 patent is attached to the Complaint as Exhibit 4.

**ANSWER:** Admitted.

15. Upon information and belief, and based on the allegations of the Complaint, on February 28, 2023, the ’088 patent, entitled “Use of tapinarof for the treatment of chronic plaque psoriasis,” was issued to Dermavant Sciences GmbH as assignee. A copy of the ’088 patent is attached to the Complaint as Exhibit 5. Further, upon information and belief, and based on the allegations of the Complaint, on January 28, 2025, Dermavant Sciences GmbH disclaimed claims 1-4, 6-10, 16, 18, and 21-22 of the ’088 patent.

**ANSWER:** Admitted.

16. Upon information and belief, and based on the allegations of the Complaint, on March 7, 2023, the ’692 patent, entitled “Process for preparing tapinarof,” was issued to Dermavant Sciences GmbH as assignee. A copy of the ’692 patent is attached to the Complaint as Exhibit 6.

**ANSWER:** Admitted.

17. Upon information and belief, and based on the allegations of the Complaint, on March 28, 2023, the ’573 patent, entitled “Topical pharmaceutical compositions,” was issued to Dermavant Sciences GmbH as assignee. A copy of the ’573 patent is attached to the Complaint as Exhibit 7.

**ANSWER:** Admitted.

18. Upon information and belief, and based on the allegations of the Complaint, on

April 4, 2023, the ’724 patent, entitled “Topical pharmaceutical compositions,” was issued to Dermavant Sciences GmbH as assignee. A copy of the ’724 patent is attached to the Complaint as Exhibit 8.

**ANSWER:** Admitted.

19. Upon information and belief, and based on the allegations of the Complaint, on April 11, 2023, the ’945 patent, entitled “Topical pharmaceutical compositions,” was issued to Dermavant Sciences GmbH as assignee. A copy of the ’945 patent is attached to the Complaint as Exhibit 9.

**ANSWER:** Admitted.

20. Upon information and belief, and based on the allegations of the Complaint, Organon is the holder of NDA No. 215272 for tapinarof cream, 1% which is prescribed and sold under the trade name VTAMA.

**ANSWER:** Admitted.

21. MPI filed MPI’s ANDA seeking FDA approval for MPI’s tapinarof cream, 1% product (“MPI’s ANDA Product”).

**ANSWER:** Counterclaim-Defendants admit that by the notice letter dated July 22, 2026, MPI notified Counterclaim-Defendants that MPI submitted MPI’s ANDA seeking approval for the commercial manufacture, use, and sale of Mylan’s ANDA Product in the United States prior to the expiration of the Patents-in-Suit.

22. By letter dated July 22, 2026 (“MPI’s Notice Letter”), MPI notified Counterclaim Defendants in writing that it had filed MPI’s ANDA containing a certification as to the Counterclaim Patents (“Paragraph IV Certification”) pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

**ANSWER:** Counterclaim-Defendants admit that Counterclaim-Defendants received MPI’s Notice Letter, which is dated July 22, 2026. Counterclaim-Defendants further admit that the MPI’s Notice Letter contained arguments and/or positions that the Patents-in-Suit are invalid and/or not infringed, which are not grounded in fact or law and raise material issues to be resolved in later stages in this proceeding, including claim construction issues and patent infringement and validity issues that will be the subject of fact and expert discovery, neither of

which have occurred. Counterclaim-Defendants deny that MPI's arguments and/or positions have merit. Counterclaim-Defendants otherwise deny the allegations in Paragraph 22.

23. Counterclaim Defendants have accused MPI of infringing claims of the Counterclaim Patents in connection with MPI's ANDA.

**ANSWER:** Admitted.

**COUNT I:**
**(Declaratory Judgment of Non-Infringement of the '160 Patent)**

24. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–23.

25. MPI's ANDA Product has not infringed, will not infringe, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '160 patent for at least the reasons detailed in MPI's Notice Letter.

**ANSWER:** Denied.

26. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI's ANDA Product is infringing the claims of the '160 patent and will continue to interfere with MPI's business with respect to MPI's ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '160 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 26.

27. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the '160 patent and from interfering with MPI's business.

**ANSWER:** Denied.

28. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning MPI's noninfringement of the '160

patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 28 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '160 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 28.

29. MPI is entitled to declaratory judgment that MPI's ANDA Product has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '160 patent.

**ANSWER:** Denied.

**COUNT II:**
**(Declaratory Judgment of Invalidity of the '160 Patent)**

30. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–29.

31. The claims of the '160 patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code.

**ANSWER:** Denied.

32. The alleged invention(s) of the '160 patent do no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '160 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '160 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

33. The claims of the '160 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of the prior art. The differences between the subject matter claimed in the '160

patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

34. The claims of the ’160 patent are invalid at least under 35 U.S.C. § 112 for lack of enablement, adequate written description, and as indefinite, and therefore invalid.

**ANSWER:** Denied.

35. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI’s ANDA Product is infringing the claims of the ’160 patent and will continue to interfere with MPI’s business with respect to MPI’s ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’160 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 35.

36. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the ’160 patent and from interfering with MPI’s business.

**ANSWER:** Denied.

37. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning the invalidity of the ’160 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 37 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’160 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 37.

38. MPI is entitled to a declaratory judgment that the claims of the ’160 patent are invalid.

**ANSWER:** Denied.

**COUNT III:**
**(Declaratory Judgment of Non-Infringement of the ’743 Patent)**

39. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–38.

40. MPI’s ANDA Product has not infringed, will not infringe, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the ’743 patent for at least the reasons detailed in MPI’s Notice Letter.

**ANSWER:** Denied.

41. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI’s ANDA Product is infringing the claims of the ’743 patent and will continue to interfere with MPI’s business with respect to MPI’s ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’743 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 41.

42. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the ’743 patent and from interfering with MPI’s business.

**ANSWER:** Denied.

43. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning MPI’s noninfringement of the ’743 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 43 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '743 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 43.

44. MPI is entitled to declaratory judgment that MPI's ANDA Product has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '743 patent.

**ANSWER:** Denied.

**COUNT IV:**
**(Declaratory Judgment of Invalidity of the '743 Patent)**

45. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–44.

46. The claims of the '743 patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code.

**ANSWER:** Denied.

47. The alleged invention(s) of the '743 patent do no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '743 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '743 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

48. The claims of the '743 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of the prior art. The differences between the subject matter claimed in the '743 patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person

having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

49. The claims of the ’743 patent are invalid at least under 35 U.S.C. § 112 for lack of enablement, adequate written description, and as indefinite, and therefore invalid.

**ANSWER:** Denied.

50. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI’s ANDA Product is infringing the claims of the ’743 patent and will continue to interfere with MPI’s business with respect to MPI’s ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’743 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 50.

51. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the ’743 patent and from interfering with MPI’s business.

**ANSWER:** Denied.

52. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning the invalidity of the ’743 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 52 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’743 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 52.

53. MPI is entitled to a declaratory judgment that the claims of the ’743 patent are invalid.

**ANSWER:** Denied.

**COUNT V:**
**(Declaratory Judgment of Non-Infringement of the ’649 Patent)**

54. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–53.

55. MPI’s ANDA Product has not infringed, will not infringe, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the ’649 patent for at least the reasons detailed in MPI’s Notice Letter.

**ANSWER:** Denied.

56. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI’s ANDA Product is infringing the claims of the ’649 patent and will continue to interfere with MPI’s business with respect to MPI’s ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’649 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 56.

57. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the ’649 patent and from interfering with MPI’s business.

**ANSWER:** Denied.

58. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning MPI’s noninfringement of the ’649 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 58 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’649

patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 58.

59. MPI is entitled to declaratory judgment that MPI's ANDA Product has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '649 patent.

**ANSWER:** Denied.

**COUNT VI:**
**(Declaratory Judgment of Invalidity of the '649 Patent)**

60. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–59.

61. The claims of the '649 patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code.

**ANSWER:** Denied.

62. The alleged invention(s) of the '649 patent do no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '649 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '649 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

63. The claims of the '649 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of the prior art. The differences between the subject matter claimed in the '649 patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

64. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI's ANDA Product is infringing the claims of the '649

patent and will continue to interfere with MPI's business with respect to MPI's ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '649 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 65.

65. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the '649 patent and from interfering with MPI's business.

**ANSWER:** Denied.

66. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning the invalidity of the '649 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 67 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '649 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 67.

67. MPI is entitled to a declaratory judgment that the claims of the '649 patent are invalid.

**ANSWER:** Denied.

**COUNT VII:**
**(Declaratory Judgment of Non-Infringement of the '108 Patent)**

68. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–67.

69. MPI's ANDA Product has not infringed, will not infringe, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '108 patent for at least the reasons detailed in MPI's Notice Letter.

**ANSWER:** Denied.

70. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI's ANDA Product is infringing the claims of the '108 patent and will continue to interfere with MPI's business with respect to MPI's ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '108 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 70.

71. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the '108 patent and from interfering with MPI's business.

**ANSWER:** Denied.

72. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning MPI's noninfringement of the '108 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 72 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '108 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 72.

73. MPI is entitled to declaratory judgment that MPI's ANDA Product has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '108 patent.

**ANSWER:** Denied.

**COUNT VIII:**
**(Declaratory Judgment of Invalidity of the ’108 Patent)**

74. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–73.

75. The claims of the ’108 patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code.

**ANSWER:** Denied.

76. The alleged invention(s) of the ’108 patent do no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’108 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’108 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

77. The claims of the ’108 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of the prior art. The differences between the subject matter claimed in the ’108 patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

78. The claims of the ’108 patent are invalid at least under 35 U.S.C. § 112 for lack of enablement, adequate written description, and as indefinite, and therefore invalid.

**ANSWER:** Denied.

79. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI’s ANDA Product is infringing the claims of the ’108 patent and will continue to interfere with MPI’s business with respect to MPI’s ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’108 patent, which is

valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 79.

80. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the '649 patent and from interfering with MPI's business.

**ANSWER:** Denied.

81. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning the invalidity of the '649 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 81 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '108 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 81.

82. MPI is entitled to a declaratory judgment that the claims of the '108 patent are invalid.

**ANSWER:** Denied.

**COUNT IX:**
**(Declaratory Judgment of Non-Infringement of the '088 Patent)**

83. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–82.

84. MPI's ANDA Product has not infringed, will not infringe, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '088 patent for at least the reasons detailed in MPI's Notice Letter.

**ANSWER:** Denied.

85. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI's ANDA Product is infringing the claims of the '088 patent and will continue to interfere with MPI's business with respect to MPI's ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '088 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 85.

86. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the '088 patent and from interfering with MPI's business.

**ANSWER:** Denied.

87. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning MPI's noninfringement of the '088 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 87 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '088 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 87.

88. MPI is entitled to declaratory judgment that MPI's ANDA Product has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '088 patent.

**ANSWER:** Denied.

**COUNT X:**
**(Declaratory Judgment of Invalidity of the '088 Patent)**

89. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–88.

90. The claims of the ’088 patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code.

**ANSWER:** Denied.

91. The alleged invention(s) of the ’088 patent do no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’088 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’088 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

92. The claims of the ’088 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of the prior art. The differences between the subject matter claimed in the ’088 patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

93. The claims of the ’088 patent are invalid at least under 35 U.S.C. § 112 for lack of enablement, adequate written description, and as indefinite, and therefore invalid.

**ANSWER:** Denied.

94. Dermavant disclaimed claims 1-4, 6-10, 16, 18, and 21-22 of the ’088 patent. *See Encube Ethicals Pvt. Ltd. v. Dermavant Scis. GmbH*, No. IPR2024-00834, Paper 23 (P.T.A.B. Mar. 7, 2025).

**ANSWER:** Admitted.

95. Under 35 U.S.C. § 253, a statutory disclaimer has the effect of canceling the disclaimed claims from the patent. Once disclaimed, the claims are treated as though they never existed. *See Guinn v. Kopf*, 96 F.3d 1419, 1422 (Fed. Cir. 1996) (citing *Altoona Publix Theatres, Inc. v. American Tri-Ergon Corp.*, 294 U.S. 477, 492 (1935) (“Upon the filing of the disclaimers, the original claims were withdrawn from the protection of the patent laws, and the public was entitled to manufacture and use the device originally claimed as freely as though it had been abandoned.”)).

**ANSWER:** Paragraph 95 states a legal conclusion to which no response is required. To the extent a response is required, Counterclaim-Defendants admit that Dermavant disclaimed claims 1-4, 6-10, 16, 18, and 21-22 of the ’088 patent. Counterclaim-Defendants deny the remaining allegations of Paragraph 95.

96. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI’s ANDA Product is infringing the claims of the ’088 patent and will continue to interfere with MPI’s business with respect to MPI’s ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’088 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 96.

97. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the ’088 patent and from interfering with MPI’s business.

**ANSWER:** Denied.

98. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning the invalidity of the ’088 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 81 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’088 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 98.

99. MPI is entitled to a declaratory judgment that the claims of the ’088 patent are invalid.

**ANSWER:** Denied.

**COUNT XI:**
**(Declaratory Judgment of Non-Infringement of the '692 Patent)**

100. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–99.

101. MPI's ANDA Product has not infringed, will not infringe, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '692 patent for at least the reasons detailed in MPI's Notice Letter.

**ANSWER:** Denied.

102. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI's ANDA Product is infringing the claims of the '692 patent and will continue to interfere with MPI's business with respect to MPI's ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '692 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 102.

103. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the '692 patent and from interfering with MPI's business.

**ANSWER:** Denied.

104. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning MPI's noninfringement of the '692 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 104 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '692 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's

Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims.

Counterclaim-Defendants otherwise denies the allegations in Paragraph 104.

105. MPI is entitled to declaratory judgment that MPI's ANDA Product has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '692 patent.

**ANSWER:** Denied.

**COUNT XII:**
**(Declaratory Judgment of Invalidity of the '692 Patent)**

106. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–105.

107. The claims of the '692 patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code.

**ANSWER:** Denied.

108. The alleged invention(s) of the '692 patent do no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '692 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '692 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

109. The claims of the '692 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of the prior art. The differences between the subject matter claimed in the '692 patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

110. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI's ANDA Product is infringing the claims of the '692 patent and will continue to interfere with MPI's business with respect to MPI's ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '692 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 110.

111. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the '692 patent and from interfering with MPI's business.

**ANSWER:** Denied.

112. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning the invalidity of the '692 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 112 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '692 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 112.

113. MPI is entitled to a declaratory judgment that the claims of the '692 patent are invalid.

**ANSWER:** Denied.

**COUNT XIII:**
**(Declaratory Judgment of Non-Infringement of the '573 Patent)**

114. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–113.

115. MPI's ANDA Product has not infringed, will not infringe, and is not infringing,

directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '573 patent for at least the reasons detailed in MPI's Notice Letter.

**ANSWER:** Denied.

116. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI's ANDA Product is infringing the claims of the '573 patent and will continue to interfere with MPI's business with respect to MPI's ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '573 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 116.

117. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the '573 patent and from interfering with MPI's business.

**ANSWER:** Denied.

118. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning MPI's noninfringement of the '573 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 118 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '573 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 118.

119. MPI is entitled to declaratory judgment that MPI's ANDA Product has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '573 patent.

**ANSWER:** Denied.

**COUNT XIV:**
**(Declaratory Judgment of Invalidity of the ’573 Patent)**

120. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–119.

121. The claims of the ’573 patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code.

**ANSWER:** Denied.

122. The alleged invention(s) of the ’573 patent do no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’573 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’573 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

123. The claims of the ’573 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of the prior art. The differences between the subject matter claimed in the ’573 patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

124. The claims of the ’573 patent are invalid at least under 35 U.S.C. §§ 112 for lack of enablement, adequate written description, and is indefinite, and therefore invalid.

**ANSWER:** Denied.

125. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI’s ANDA Product is infringing the claims of the ’573 patent and will continue to interfere with MPI’s business with respect to MPI’s ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’573 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or

that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 125.

126. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the ’573 patent and from interfering with MPI’s business.

**ANSWER:** Denied.

127. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning the invalidity of the ’573 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 126 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’573 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 126.

128. MPI is entitled to a declaratory judgment that the claims of the ’573 patent are invalid.

**ANSWER:** Denied.

**COUNT XV:**
**(Declaratory Judgment of Non-Infringement of the ’724 Patent)**

129. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–128.

130. MPI’s ANDA Product has not infringed, will not infringe, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the ’724 patent for at least the reasons detailed in MPI’s Notice Letter.

**ANSWER:** Denied.

131. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim

Defendants will continue to assert that MPI's ANDA Product is infringing the claims of the '724 patent and will continue to interfere with MPI's business with respect to MPI's ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '724 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 131.

132. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the '724 patent and from interfering with MPI's business.

**ANSWER:** Denied.

133. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning MPI's noninfringement of the '724 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 133 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '724 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 133.

134. MPI is entitled to declaratory judgment that MPI's ANDA Product has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '724 patent.

**ANSWER:** Denied.

## COUNT XVI:
## (Declaratory Judgment of Invalidity of the '724 Patent)

135. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–134.

136. The claims of the ’724 patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code.

**ANSWER:** Denied.

137. The alleged invention(s) of the ’724 patent do no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’724 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’724 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

138. The claims of the ’724 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of the prior art. The differences between the subject matter claimed in the ’724 patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

139. The claims of the ’724 patent are invalid at least under 35 U.S.C. §§ 112 for lack of enablement, adequate written description, and is indefinite, and therefore invalid.

**ANSWER:** Denied.

140. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI’s ANDA Product is infringing the claims of the ’724 patent and will continue to interfere with MPI’s business with respect to MPI’s ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’724 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 140.

141. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from

continuing to assert the ’724 patent and from interfering with MPI’s business.

**ANSWER:** Denied.

142. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning the invalidity of the ’724 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 142 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’724 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 142.

143. MPI is entitled to a declaratory judgment that the claims of the ’724 patent are invalid.

**ANSWER:** Denied.

**COUNT XVII:**
**(Declaratory Judgment of Non-Infringement of the ’945 Patent)**

144. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–143.

145. MPI’s ANDA Product has not infringed, will not infringe, and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the ’945 patent for at least the reasons detailed in MPI’s Notice Letter.

**ANSWER:** Denied.

146. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI’s ANDA Product is infringing the claims of the ’945 patent and will continue to interfere with MPI’s business with respect to MPI’s ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '945patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 146.

147. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the '945 patent and from interfering with MPI's business.

**ANSWER:** Denied.

148. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning MPI's noninfringement of the '945 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 148 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI's infringement of the '945 patent, which is valid and enforceable. Counterclaim-Defendants denies that API's Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 148.

149. MPI is entitled to declaratory judgment that MPI's ANDA Product has not infringed, is not infringing, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '945 patent.

**ANSWER:** Denied.

**COUNT XVIII:**
**(Declaratory Judgment of Invalidity of the '945 Patent)**

150. MPI realleges and incorporates by reference the allegations in the preceding paragraphs of its Counterclaims.

**ANSWER:** Counterclaim-Defendants incorporate by reference each of their responses to Paragraphs 1–149.

151. The claims of the ’945 patent are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code.

**ANSWER:** Denied.

152. The alleged invention(s) of the ’945 patent do no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ’945 patent is no more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’945 patent and would have had a reasonable expectation of success in doing so.

**ANSWER:** Denied.

153. The claims of the ’945 patent are invalid at least under 35 U.S.C. §§ 102 and/or 103 in view of the prior art. The differences between the subject matter claimed in the ’945 patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER:** Denied.

154. The claims of the ’945 patent are invalid at least under 35 U.S.C. §§ 112 for lack of enablement, adequate written description, and is indefinite, and therefore invalid.

**ANSWER:** Denied.

155. Unless Counterclaim Defendants are enjoined, MPI believes that Counterclaim Defendants will continue to assert that MPI’s ANDA Product is infringing the claims of the ’945 patent and will continue to interfere with MPI’s business with respect to MPI’s ANDA Product.

**ANSWER:** Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’945 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 155.

156. MPI will be irreparably harmed if Counterclaim Defendants are not enjoined from continuing to assert the ’945 patent and from interfering with MPI’s business.

**ANSWER:** Denied.

157. A definite and concrete, real and substantial, justiciable controversy exists between MPI and Counterclaim Defendants concerning the invalidity of the ’945 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Paragraph 157 states a legal conclusion for which no answer is required. To the extent that an answer is required, Counterclaim-Defendants admit that an actual controversy exists between Counterclaim-Defendants and MPI concerning MPI’s infringement of the ’945 patent, which is valid and enforceable. Counterclaim-Defendants denies that API’s Counterclaims have merit or that MPI is entitled to any relief on its Counterclaims. Counterclaim-Defendants otherwise denies the allegations in Paragraph 157.

158. MPI is entitled to a declaratory judgment that the claims of the ’945 patent are invalid.

**ANSWER:** Denied.

## REQUEST FOR RELIEF

Counterclaim-Defendants deny that MPI is entitled to any judgment or relief against Counterclaim-Defendants and, therefore, specifically denies Paragraphs (a)-(i) of the Counterclaims’ Prayer for Relief.

Each averment and/or allegation contained in MPI’s Counterclaims that is not specifically admitted herein is hereby denied.

Counterclaim-Defendants request that judgment be entered in its favor, dismissing MPI’s Counterclaims with prejudice, awarding Counterclaim-Defendants’ attorneys’ fees and costs incurred in this litigation under 35 U.S.C. § 285, and granting even further relief as the Court may deem just and proper.

Dated: October 16, 2026

*\/s/ David R. Pogue*
Steve Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
**CAREY, DOUGLAS, KESSLER & RUBY, PLLC**
707 Virginia Street East
901 Chase Tower (25301)
P.O. Box 913
Charleston, WV 25323
(304) 345-1234
sruby@cdkrlaw.com
drpogue@cdkrlaw.com

*Of Counsel:*
Paul A. Ainsworth (WVSB # 14428)
Dennies Varughese (*pro hac vice*)
Deborah Sterling (*pro hac vice*)
Josephine Kim (*pro hac vice*)
**STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
painsworth@sternekessler.com
dvarughese@sternekessler.com
dsterling@sternekessler.com
joskim@sternekessler.com

*Attorney for Plaintiffs*
*Organon LLC, Organon International GmbH,*
*and Dermavant Sciences GmbH*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, I electronically filed the foregoing "PLAINTIFFS/COUNTERCLAIM-DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO MYLAN PHARMACEUTICALS INC.'S COUNTERCLAIMS" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 16, 2026

*/s/ David R. Pogue*
Steve Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
**CAREY, DOUGLAS, KESSLER & RUBY, PLLC**
707 Virginia Street East
901 Chase Tower (25301)
P.O. Box 913
Charleston, WV 25323
(304) 345-1234
sruby@cdkrlaw.com
drpogue@cdkrlaw.com

*Attorney for Plaintiffs*
*Organon LLC, Organon International GmbH, and Dermavant Sciences GmbH*